■ KAREN LUGO, Respondent, v TOWN OF IRONDEQUOIT, Appellant, et al., Defendant. [649 NYS2d 277] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Town of Irondequoit dismissed. Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell in the parking lot of the Eastridge High School in Irondequoit. Plaintiff had accompanied her daughter to the high school for a swimming program sponsored by defendant Town of Irondequoit (Town). Supreme Court erred in concluding that a factual issue exists concerning the Town's contractual assumption of a duty to maintain the parking lots at the high school. Although the contractual agreement between the Town and defendant East Irondequoit Central School District (School District), the owner of the premises, provides that the Town's maintenance responsibility "may include * * * upon mutual prior agreement" the maintenance of parking areas, the undisputed evidence shows that the School District never asked the Town to maintain the parking lots at the high school and that the Town never assumed the responsibility for such maintenance. Further, plaintiff presented no evidence that the Town and School District had entered into a "mutual prior agreement" requiring the Town to maintain the parking lots. Because the Town established its entitlement to judgment as a matter of law and plaintiff failed to raise a triable issue of fact, the Town is entitled to summary judgment dismissing the complaint against it (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Balio and Davis, JJ.